Filed 11/23/20  Allen v. Belillti CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DIAHANNA ALLEN, <br><br>     Plaintiff and Respondent, <br><br>     v. <br><br> ORAN BELILLTI, et al., <br><br>     Defendants and Appellants. | B304455 <br><br> (Los Angeles County Super. Ct. No. 19GDCV00161) |

APPEAL from an order of the Superior Court of Los Angeles County, Ralph C. Hofer, Judge. Affirmed.

Levison Arshonsky & Kurtz, David Krol, for Plaintiff and Respondent.

Collins, Ford, Michael D. Collins for Defendants and Appellants.

# INTRODUCTION

Plaintiff and respondent Diahanna Allen is the owner of two residential properties in Glendale: 1538 Highland Avenue (the 1538 Property) and 1613 Highland Avenue (the 1613 Property). Allen hired defendant and appellant Ortam Construction, Inc. (Ortam) to remodel both properties, and signed a series of contracts in connection with the remodeling projects. Based on allegedly defective, shoddy, and incomplete work, Allen sued Ortam, as well as defendants and appellants Oran Belillti (CFO of Ortam), Shalom Belillti (Oran's father and CEO of Ortam), and Sandra Belillti and Jacqueline Belillti (the spouses of Oran and Shalom, respectively)[1], for elder abuse[2], breach of contract, and unfair business practices.

Ortam and Oran moved to compel arbitration based on arbitration provisions in the home improvement contracts. The trial court denied the motions, holding: (1) no arbitration agreement exists for the 1613 Property based on the explicit language in the contracts; and (2) the arbitration agreement for the 1538 Property is unconscionable, and therefore unenforceable.

Ortam and the Individual Defendants do not challenge the trial court's ruling that the 1613 Property contract does not contain an enforceable arbitration provision, and appeal only from the trial court's denial of arbitration of claims relating to the 1538 Property contract. In their opening brief, however, they fail to address the dispositive issue: whether substantial evidence supported the trial court's finding that the arbitration provision in the 1538 Property agreement was unenforceable due to

---

[1] Because they share a surname, we will refer to Belillti family members by their first names only when referring to any of them individually, and as the "Individual Defendants" when referring to them collectively.

[2] Allen was 87 years old at the time she filed her complaint.

2

unconscionability. We conclude appellants forfeited their argument on unconscionability, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Allen filed the operative complaint alleging causes of action against Oran and the Individual Defendants for (1) elder abuse, seeking treble damages and punitive damages; (2) breach of contract (1538 Property); (3) breach of contract (1613 Property); and (4) and unfair business practices.

The complaint alleges, in 2012, Allen met with Oran and Shalom to discuss a remodeling project for the 1538 Property. In January 2013, Allen also signed a kitchen remodeling contract for the 1613 Property. In 2013, Ortam "began performing services in connection with the 1538 Property . . . but did not sign a home improvement contract with respect to the 1538 Property until May[] 2014." The complaint further alleges: "[r]ecognizing that [Allen] had financial resources at her disposal, [Allen] is informed and believes, and on that basis alleges, that Oran and Shalom repeatedly visited [Allen] at the 1538 Property in order to extract payments from her and to have her sign extremely confusing contracts/change orders for the 1538 and 1613 Properties, without performing the services which Defendants promised to perform." The Individual Defendants took her to dinner approximately once a month and "although [the Individual Defendants] did so under the pretense of friendship, they were in reality acting in order to further a scheme of elder abuse." The complaint alleges Ortam and the Individual Defendants "extracted nearly $900,000 from [Allen] in connection with the 1538 and 1613 Properties, but [Allen] received minimal, if any, value for the services which were performed at either Property."

Ortam moved to compel arbitration based on arbitration provisions in the home improvement contracts. Allen opposed the motion, arguing (1) Ortam failed to meet its burden of

establishing the existence of an agreement to arbitrate; (2) the arbitration agreements were procedurally and substantively unconscionable; and (3) the causes of action against the Individual Defendants were not arbitrable and those claims arise out of the same series of transactions and create a possibility of conflicting rulings. Allen submitted a declaration in support of her opposition, stating she "did not understand" the terms of the contracts, but she "signed the contract documents related to the 1538 Property wherever [Oran] told [her] to because [she] trusted him, and because [she] believed [she] had no choice but to sign them, because Ortam and its representatives had begun performing services in connection with the 1538 Property back in 2013." Oran filed a separate motion to compel arbitration, and the Individual Defendants (other than Oran) filed joinders in Ortam's and Oran's motions.

In its tentative ruling, the court granted Ortam's motion "only as to matters encompassed in the Additional Description Form dated May 15, 2014 [for the 1538 Property] between plaintiff Allen and moving party Ortam Construction, Inc." and denied the "motion as to all other matters." The court also denied Oran's motion because he "failed to meet his burden to establish the existence of an agreement to arbitrate, as discussed above, as the only agreement to arbitrate established by the contract documents is the Additional Description Form dated May 15, 2014, between plaintiff Allen and defendant Ortam Construction, Inc., which Oran Belillti has consistently argued is a contract only between Allen and Ortam, and not with defendant Belillti." Finally, the court explained the Individual Defendants' joinder "does not seek affirmative relief on behalf of the joining defendants, and the joining parties have not filed separate motions to establish an agreement exists entitling them to an order compelling arbitration."

After hearing argument, however, the court reversed part of its tentative ruling. At the hearing, the court stated: "The court

4

is going to reverse its tentative as to defendant Ortam Construction in finding that that arbitration agreement is not enforceable due to procedural and substantive unconscionability."[3] Accordingly, the court denied Ortam's and Oran's motions to compel arbitration in their entirety.

Ortam and the Individual Defendants appeal from the order with respect to the 1538 Property. As noted above, they "do not appeal from the part of the trial court's order as it pertains to the 1613 [P]roperty."

## DISCUSSION

Under Code of Civil Procedure section 1281.2,[4] on petition, a court "shall order" arbitration "if it determines that an agreement to arbitrate the controversy exists, unless it determines that" one of three specified exceptions applies: (1) the petitioner has waived the right to compel arbitration (§ 1281.2, subd. (a)); (2) grounds exist for revoking the agreement (§ 1281.2, subd. (b)); or (3) a party to the agreement is also a party to a pending legal proceeding with a third party that arises out of the same transaction, and a possibility exists of conflicting rulings on common legal or factual issues (the third-party litigation exception) (§ 1281.2, subd. (c)).

Appellants contend the trial court erred by denying Ortam's petition to compel arbitration of claims related to the

---

3    Appellants did not provide a reporter's transcript of the hearing on the motions to compel arbitration. On October 7, 2020, we ordered appellants to provide a reporter's transcript of the November 8, 2019 hearing, or indicate no reporter's transcript could be provided. Appellants filed the reporter's transcript on October 13, 2020. On our own motion, we augment the record to include the reporter's transcript. (Cal. Rules of Court, rules 8.130(a)(4), 8.155.)

4    All further undesignated statutory references are to the Code of Civil Procedure.

1538 Property because "the trial court implicitly exercised discretion" under section 1281.2, subdivision (c) "where it did not have such discretion." Specifically, appellants argue the court should have concluded "that Ortam and the individual Appellants were not third party defendants under [s]ection 1281.2[, subdivision] (c) or, in the alternative, that Allen was estopped from asserting [the third-party litigation exception] by alleging facts and theories in support of her elder abuse claim with her claims of breach of contract, such that the allegations and the individual non-signatory parties are inextricably intertwined."

As noted above, the November 8, 2019 minute order indicated the trial court tentatively granted Ortam's motion to compel arbitration only as to the matters encompassed in a contract for the 1538 Property, and between Allen and Ortam. The minute order stated, without further explanation, that the trial court departed from its tentative: "The matter is argued and the Court departs from its tentative ruling. Specially Appearing Defendant Ortam Construction, Inc.'s Motion to Compel Arbitration of Complaint and Stay Proceedings is Denied in its entirety." The minute order cannot be understood without reference to the reporter's transcript. The reporter's transcript clarifies that the court denied Ortam's motion to compel arbitration on the ground the arbitration agreement was not enforceable "due to procedural and substantive unconscionability."[5]

It is unclear whether appellants were unaware of the existence of the reporter's transcript, or deliberately ignored it. In any event, their opening brief ignores the lower court's reason for denying the motion to compel arbitration of matters encompassed by the 1538 Property contract — unconscionability — and instead focuses solely on one of the three exceptions to section 1281.2 — the third-party litigation exception. Although

_____

5      Appellants could have requested a statement of decision, but did not. (See § 1291.)

6

appellants contend "[t]here is nothing in the record to otherwise suggest or imply that the arbitration provisions of the 1538 Contract violated [Business & Professions Code section 7191],"[6] appellants fail to address whether Allen's evidence of procedural and substantive unconscionability constitutes substantial evidence.[7]

We reject appellants' attempt to address the issue for the first time in their reply. (See *Telish v. State Personnel Bd.* (2015) 234 Cal.App.4th 1479, 1487, fn. 4 ["An appellant's failure to raise an argument in the opening brief [forfeits] the issue on appeal [Citations.] . . . ." Arguments "raise[d] for the first time in [the] reply brief have been [forfeited]."].) Because they have forfeited their arguments, appellants have failed to meet their burden of showing the court erred in denying their motion to compel arbitration on unconscionability grounds. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["it is appellant's burden to affirmatively show error [citation]" by "present[ing] meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]"]; *Satchmed Plaza Owners Assn. v. UWMC Hospital Corp.* (2008)

---

6       This provision lists requirements for arbitration provisions in home improvement contracts.

7       As discussed above, Allen submitted a declaration stating she did not understand the contract documents related to the 1538 Property and she believed she had no choice but to sign them. Allen also argued "the contract for the 1538 Property contains numerous provisions which violate public policy, including a provision eliminating the delayed discovery rule which applies to Mrs. Allen['s] elder abuse and contract claims, and a non-severable provision limiting all damages to the contract price."

167 Cal.App.4th 1034, 1045 ["We must uphold the decision of the trial court if it is correct on any ground. [Citation.]"].)[8]

## DISPOSITION

The order denying appellants' motion to compel arbitration is affirmed. Allen is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.

---

[8] In her respondent's brief, Allen requests this court to impose sanctions against appellants and their attorney for filing a frivolous appeal. A request to impose sanctions, however, cannot be made in the respondent's brief; a separate motion is required. (Cal. Rules of Court, rule 8.276(b)(1).) Therefore, we deny her request.